# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ANTHONY CLARK,<br>　　Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 19-CV-2235 |
| JOHN DOE-WALKER,<br>　　Defendants. | :<br>:<br>: |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                    **JUNE 14, 2019**

       Plaintiff Mark Anthony Clark brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, based on events that occurred while he was incarcerated as a pretrial detainee at the Chester County Prison.[1] Clark names the following Defendants: (1) Correctional Officer Walker; (2) Correctional Officer Whiteside; (3) Sergeant Hawkins; (4) Director George Roberts; (5) Warden Edward McFadden; (6) "Prime Care-Health Care Department"; (7) Nurse Marsha; and (8) "John Doe-Sergei." He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Clark leave to proceed *in forma pauperis*, dismiss certain of his claims, and allow other claims to proceed at this time.

## I.     FACTS

       Clark alleges that on July 18, 2018, Correctional Officers Walker and Whiteside and Sergeant Hawkins directed him to go into his cell. Clark alleges that upon entering his cell, he felt an arm grasp his neck; he tussled with the officers and ended up on the floor. Walker straddled Clark and pushed his forearm and elbow into Clark's throat, making it difficult for him

---

[1] Clark is currently incarcerated at SCI Frackville.

1

to breathe. Clark felt a sharp pain in his right arm and saw Whiteside bending his arm backwards.

Walker directed Clark to roll over, which he was not able to do because Walker was straddling his chest. He heard someone yell "grab his dick Whiteside, that'll make him roll over" and felt someone grasp his penis and pull it sideways, causing excruciating pain. (Compl. at 6.)[2] Clark was ultimately handcuffed, lifted to his feet, and placed in a restraint position. He was forced back into his cell but "stopped by [his] restraint." (*Id.*) Clark claims that his feet were kicked out from under him, causing his head to hit the floor. The officers thereafter uncuffed Clark and left his cell; Clark alleges that the use of force was entirely unprovoked.

Clark was taken to the medical department and treated for his injuries—lacerations to his forehead and the corner of his right eye. (*Id.* at 4.) At that time, he saw Nurse Marsha, who documented his injuries and cleaned his wounds. While the nurse was applying antibiotic cream to his forehead, Clark fell sideways "due to sudden dizziness" but a correctional officer broke his fall. (*Id.* at 8.) Nurse Marsha also gave Clark water and Motrin.

A day or two later, Clark returned to the medical department for a follow up appointment for his wounds. He told the sick call nurse that his condition had not improved and that the guards were not feeding him because he did not receive lunch on one occasion. He also told the nurse that he lost consciousness twice in the past two days. It appears he thought he had a new injury to his forehead but after talking to the nurse, may have concluded that he sustained the injury when he fell. Clark was given more Motrin and told he could return to his cell.

In the meantime, after the incident, Clark filed a Prison Rape Elimination Act ("PREA") Complaint. Director Roberts interviewed Clark about his allegations. A few weeks later,

---

[2] The Court adopts the pagination assigned to Complaint by the CM-ECF system.

Roberts informed Clark that the investigation into his complaint had resolved and led to the conclusion that his claim was not substantiated. Accordingly, Clark filed a grievance directed to Sergei claiming that the officers used improper force against him. It appears that grievance was denied. Clark appealed to Warden McFadden, who denied his appeal.

The Court understands Clark to primarily be pursuing excessive force claims as well as claims for deliberate indifference to his serious medical needs. He claims that as a result of this incident and other head injuries, he experiences headaches and knots on his head. He also alleges that "not once has [his] head been expertly checked or scanned for internal injuries" and that he still suffers from dizziness. (*Id.* at 8.)

## II. STANDARD OF REVIEW

The Court grants Clark leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Clark is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[3] However, as Clark is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, the Court concludes that Clark has failed to state a claim against Defendants Roberts, McFadden, Prime Care, Nurse Marsha, and Sergei. However, he will be permitted to proceed on his claims against Correctional Officers Walker and Whiteside and Sergeant Hawkins.

### A. Claims Against Director Roberts

Clark's claims against Roberts appear to based on the handling of his PREA complaint. "While the PREA was intended in part to increase the accountability of prison officials' and to protect the Eighth Amendment rights of Federal, State, and local prisoners, nothing in the language of the statute establishes a private right of action." *Walsh v. N.J. Dep't of Corr.*, Civ. A. No. 17-2442, 2017 WL 3835666, at *4 (D.N.J. Aug. 31, 2017) (internal quotations omitted); *see also Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. 2015) (per curiam) ("[O]ther courts addressing this issue have found that the PREA does not establish a private cause of action for allegations of prison rape."); *Peterson v. Burris*, Civ. A. No. 14-13000, 2016 WL 67528, at *2 (E.D. Mich. Jan. 6, 2016) ("Numerous Courts that have addressed this issue have determined that the PREA provides no private right of action to individual prisoners."). Accordingly, a "[p]laintiff cannot[] . . . bring a private action to enforce obligations set forth in the PREA, whether through the statute itself or through [an] attempt to enforce the DOC PREA policy via section 1983." *Bowens v. Employees of the Dep't of Corr.*, No. CV 14-2689, 2016 WL 3269580, at *3 (E.D. Pa. June 15, 2016), *aff'd*, *Bowens v. Wetzel*, 674 F. App'x 133, 137 (3d Cir. 2017)

(per curiam) (agreeing that a plaintiff "may not attempt to enforce statutes or policies that do not themselves create a private right of action by bootstrapping such standards into a constitutional deliberate indifference claim"). Furthermore, Clark has no free-standing right to an investigation, so he cannot state a claim by challenging the quality of Roberts's investigation. *See Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (quotations omitted)). In sum, Clark has not stated a basis for a plausible claim against Roberts. As Clark cannot cure the defects in his claims against Roberts, the Court will dismiss them with prejudice.

### B. Claims Against Sergei and Warden McFadden

Clark's claims Sergei and McFadden are based entirely on how they handled his grievances. Those claims fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, the Court will dismiss Clark's claims against Sergei and McFadden with prejudice.

### C. Claims Against Nurse Marsha

The Court understands Clark to be asserting a claim against Nurse Marsha based on her handling of Clark's visit to the medical department after he was injured. To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[4] *See Farmer v.*

---

[4] As Clark was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*,

5

*Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

"A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Here, Clark alleged that Nurse Marsha documented his wounds, cleaned them, and provided him water and Motrin. In other words, she provided treatment and care for his medical needs. To the extent Clark is alleging that Nurse Marsha should have provided different treatment, his claims sound in medical negligence, not deliberate indifference. Accordingly, he has failed to state a constitutional claim against Nurse Marsha.

---

No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

### D. Claims Against Prime Care

A private corporation under contract to provide prison health services may be liable under § 1983 only if that entity's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). However, Clark has not alleged any facts suggesting that a policy or custom of Prime Care caused any of the claimed constitutional violations. Accordingly, he has not stated a claim against Prime Care.

### E. Claims Against Correctional Officers Walker and Whiteside and Sergeant Hawkins

Clark brings claims against Correctional Officers Walker and Whiteside and Sergeant Hawkins for excessive force and sexual abuse. A pretrial detainee claiming a Fourteenth Amendment violation must establish that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). To state a due process violation based on excessive force, a detainee must allege facts to plausibly suggest that "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* Sexual abuse claims are evaluated similarly to excessive force claims in that the prisoner must allege facts plausibly establishing that the force knowingly used against him was objectively unreasonable.

*See Ricks v. Shover*, 891 F.3d 468, 475 (3d Cir. 2018); *Hailey v. Montgomery Cty. Corr. Facility*, Civ. A. No. 19-2171, 2019 WL 2246804, at *2 (E.D. Pa. May 23, 2019).

Taking Clark's allegations as true, as the Court is obligated to do at this stage of the litigation, Clark has pled a basis for a plausible claim against Correctional Officers Walker and Whiteside and Sergeant Hawkins. He will be permitted to proceed on those claims at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Clark leave to proceed *in forma pauperis*, dismiss his claims against Roberts, Sergei, and McFadden with prejudice, and dismiss his claims against Nurse Marsha and Prime Care without prejudice. Clark may file an amended complaint in the event he seeks to amend his claims against Nurse Marsha and/or Prime Care. If he chooses not to file an amended complaint, the Court will direct service on Defendants Walker, Whiteside, and Hawkins only. An appropriate order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**